**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 1:22-cv-61226-KMM

JOHN LEWIS MACKEY, JR.,

      Plaintiff,

v.

DR. MS ZALEBERG and
DR. SUSANA BRANDT,

      Defendants.

_____/

**REPORT AND RECOMMENDATION**

**THIS CAUSE** comes before the Court on the Application to Proceed in District Court Without Prepayment of Fees or Costs filed by Plaintiff John Lewis Mackey, Jr. ("Application") (ECF No. 4).  This matter has been referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable K. Michael Moore, United States District Court Judge, for a ruling on all pre-trial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters (ECF No. 7).  Having reviewed Plaintiff's Application and being otherwise duly advised in the premises, the undersigned recommends that Plaintiff's Application be denied, and the Complaint be dismissed, with leave to amend.

    **I.**    **BACKGROUND**

On June 24, 2022, *pro se* Plaintiff John Lewis Mackey, Jr. ("Mr. Mackey") filed what is captioned as an "Expedited Complaint" ("Complaint") against "Ms[.] Zaleberg of University Hospital & Medical Center" and "Defendants, et al."  (ECF No. 1).  Plaintiff also filed the following documents: (1) An Expedited Memorandum of Law requesting the Court to direct "Real

University Hospital" to admit Plaintiff (ECF No. 3); (2) the instant Application (ECF No. 4); (3) an Expedited Motion for Expedited Emergency Medical Treatment Due to Medical Malpractice by Defendants to Plaintiff ("Expedited Motion"), accompanied by a proposed order (ECF No. 5); and (4) Expedited Notice of Proposed Order of Expedited Motion for Expedited Emergency Medical Treatment Due to Medical Malpractice by Defendants to Plaintiff (ECF No. 6). The Instant Motion and Plaintiff's Expedited Motion are pending before the Court.

## II.   DISCUSSION

Under Section 1915(e), "court[s] shall dismiss [a] case at any time if the court determines that . . . the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The standard for dismissal under Federal Rule of Civil Procedure 12(b)(6) governs a dismissal under § 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Dismissal under Rule 12(b)(6) is appropriate when the facts as pleaded do not state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," *Nietzke v. Williams*, 490 U.S. 319, 327 (1989); when the claims rely on "clearly baseless" factual allegations, *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); or, when the plaintiff ostensibly has little or no chance of success, *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1979) (internal quotations and citations omitted). In determining whether to dismiss a pro se plaintiff's complaint, the allegations are taken as true and are construed

in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, the federal rules require "a short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds it rests upon. *See* FED. R. CIV. P. 8(a); *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11 Cir.2001), *cert. denied*, 534 U.S. 1129, 122 S.Ct. 1067, 151 L.Ed.2d 970 (2002). Moreover, "[u]nder § 1915(e)(2)(B)(ii), a district court must dismiss a case in which the plaintiff is proceeding in forma pauperis if the court determines that the complaint fails to state a claim on which relief may be granted." *Wright v. Miranda*, 740 Fed. Appx. 692, 694 (11th Cir. 2018). Although district courts must liberally construe *pro se* pleadings, courts are not required to rewrite complaints to create a viable cause of action where one does not otherwise exist. *GJR Invs. v. County of Escambia*, 132 F. 3d 1359, 1369 (11th Cir. 1998).

Here, the undersigned finds that Plaintiff's Complaint fails to state a claim on which relief may be granted. As mentioned above, Rule 8(a) requires a "short and plain statement of the claim." Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct." Plaintiff's complaint does not meet these minimum pleading standards and is a shotgun pleading; the Complaint fails to delineate Plaintiff's claims, and the factual allegations are not attributed to any of Plaintiff's references to constitutional violations. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n. 9 (11th Cir. 1997) (finding a shotgun pleading where "a reader of the complaint must speculate as to which factual allegations pertain to which count"); *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (finding the complaint was a "perfect example of 'shotgun' pleading in that it [was] virtually impossible to know which allegations of fact [were] intended to support which claim(s) for relief.") (citation omitted). The Court cannot determine which of the 27 paragraphs refer to which cause of action—primarily

because the factual allegations vary from illegal experimentation conducted by medical staff to foreign and domestic terrorists impersonating medical staff and torturing Plaintiff. *See* (ECF No. 1 at 9).

Plaintiff purports to bring suit against Defendants for medical malpractice, claiming that Defendants violated his First Amendment, Fifth Amendment, Eighth Amendment, Ninth Amendment, and Fourteenth Amendment rights, along with "all . . . of the United States Constitution, etc." (ECF No. 1 at 3).

Plaintiff alleges he is diagnosed with deep vein thrombosis ("DVT").[1]  Plaintiff avers that his left foot is covered with "excruciating painful open wound bacterium infections due to these Terrorists impersonating as doctors denying and refusing him: Federal Law: Emergency Medical Treatment of Warfarin to dissolve the blood clots in his lower left leg and prevent other blood clots from forming . . ." (ECF No. 1 at 7).  In addition, he appears to allege that "they put into the I.V.s . . . experimental fluids" and that "they have been unlawfully [and] illegally experiment[ing]" on him.  (*Id.* at 8–9).  Plaintiff further alleges that a doctor and nurse "tortured Plaintiff by making him remove the wrap around gauzes . . . covering his excruciating[ly] painful open wound . . ." (*Id.* at 11–12).  Plaintiff seeks over $50 million, which includes $25 million for torture, $5 million for defamation of character, $10,000 for degrading, $125,000 for jealousy of Plaintiff's ethnicity, $500,000 for dictatorship, $12.5 million for refusing Plaintiff emergency medical treatment, $1 million for terrorism, $250,000 for plotting, and $250,000 for scheming.  (*Id.* at 19).  Plaintiff seeks this Court to assign two FBI agents from Washington, D.C. to continuously monitor Plaintiff's treatment around the clock while Plaintiff is admitted into a hospital.  (*Id.* at 24–25).

---

[1] "Venous thromboembolism (VTE), also known as blood clots, is a disorder that includes deep vein thrombosis and pulmonary embolism.  A deep vein thrombosis (DVT) occurs when a blood clot forms in a deep vein, usually in the lower leg, thigh, or pelvis."  https://www.nhlbi.nih.gov/health/venous-thromboembolism (last visited July 11, 2022).

The Complaint contains numerous legal conclusions and unintelligible statements with no factual support or specificity.  The Complaint lodges allegations against Ms. Zaleberg, Ms. Brandt, and "Broward Co. doctors, nurse[s], [a]mbulance workers, CEOs, other [m]edical [s]taff[] of these Broward Co. Hospitals, in Broward Co., Florida."  (ECF No. 1 at 10–11).  Despite writing "medical malpractice" in the Complaint, Plaintiff fails to proffer any facts explaining how Defendants are responsible for Plaintiff's medical condition.  For example, Plaintiff alleges that domestic and foreign terrorists impersonated medical staff and tortured Plaintiff.  (*Id.* at 6).  Yet, Plaintiff fails to provide any factual basis for this conclusory statement.  Plaintiff also fails to identify who Ms. Zaleberg or Ms. Brandt are and how they are relevant to this suit.  Plaintiff alleges that Defendants attempted to experiment on and kill him; however, Plaintiff does not explain how the allegations relate to actionable violations of federal or state law.  (*Id.* at 8–9).  Accordingly, the Court recommends the dismissal of Mr. Mackey's complaint because it fails to state a claim on which relief may be granted.

## III.    RECOMMENDATION

For the preceding reasons, the undersigned respectfully recommends that Plaintiff's Application (ECF No. 3) be **DENIED**, and that Plaintiff's Complaint (ECF No. 1) be **DISMISSED**, with leave to amend.  Further, the Court recommends that Plaintiff's Expedited Motion (ECF No. 5) be **DENIED** as moot.

Pursuant to Local Magistrate Rule 4(b), the Parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable K. Michael Moore, United States District Judge.  Failure to timely file objections shall bar the Parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.  *See* 28 U.S.C. §

6

636(b)(1); 11th Cir. Rule 3-1; *Patton v. Rowell*, 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley*

*v. Commissioner of Social Security*, 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**RESPECTFULLY SUBMITTED** in Chambers on this 13th day of July, 2022.

_____
LAUREN F. LOUIS
**UNITED STATES MAGISTRATE JUDGE**

cc: Hon. K. Michael Moore
Plaintiff John Lewis Mackey, Jr.
1900 W. Oakland Park Blvd.
Fort Lauderdale, FL 33310